**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **(1) CHICKASHA LODGE #94 AF & AM A/K/A ANCIENT FREE AND ACCEPTED MASONS OF OKLAHOMA,** | ) | |
| **Plaintiff.** | ) | **Case No. CIV-18-577-M** **(Grady County Case No. CJ-201-125)** |
| **vs.** | ) | |
| **(1)GREAT LAKES REINSURANCE (UK) PLC; (2)ENGINEERING INC.; AND, (3) UNKNOWN BUSINESS ENTITIES,** | ) | |
| **Defendants.** | ) | |

## NOTICE OF REMOVAL

Defendants Great Lakes Insurance SE, f/k/a Great Lakes Reinsurance (UK) SE ("Great Lakes") and Engineering Inc. ("Engineering," and collectively as, "Defendants") hereby give notice of the removal of this action to the United States District Court for the Western District of Oklahoma, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. As grounds for removal, Defendants respectfully submit to the Court as follows:

## PROCEDURAL INTRODUCTION

1. Plaintiff Chickasha Lodge #94 AF & AM a/k/a Ancient and Free Accepted Masons of Oklahoma ("Chickasha Lodge," or "Plaintiff") initiated a civil action against the Defendants and unknown business entities in the district court of Grady County, Oklahoma, on April 26, 2018, styled as CJ-2018-125 (the "State Lawsuit"). Grady County is within the federal jurisdiction of this Court and judicial district.

2. In its Petition, Plaintiff allege (1) breach of contract by Great Lakes, (2)

fraud and constructive fraud by Great Lakes, (3) negligence by Great Lakes and Engineering, (4) breach of fiduciary duty by Great Lakes, (5) "malicious wrong" by Great Lakes, (6) bad faith by Great Lakes, (7) tortious interference by Engineering, and (8) civil conspiracy by Great Lakes, Engineering, and unknown business entities. *See* Petition, *attached as* "Exh. 1,"[1] at ¶¶ 5-27.

3. Defendants were served in the State Lawsuit on or about May 17, 2018, as copies of Plaintiff's Petition were served upon Defendants' counsel by agreement. Neither Defendant has filed an Answer in the State Lawsuit.

4. Based on the date of service of Plaintiffs' Petition, removal is timely and made in accordance with 28 U.S.C. § 1446(b).

5. Other than the pleadings attached hereto as Exhs. 1-5, there are no other pleadings or orders to date in the State Lawsuit. Additionally, there are no currently pending Motions in the State Lawsuit requiring determination. The exhibits attached are as follows:

Exhibit "1" – Petition
Exhibit "2" – Summons issued to Great Lakes Reinsurance (UK) PLC
Exhibit "3" – Summons issued to Engineering Inc.
Exhibit "4" – Qualified Special Entry of Appearance and Reservation of Time and Defenses
Exhibit "5" – Grady County, Oklahoma, Docket Sheet

6. Defendant Engineering Inc. consents to the removal of this case, subject to the fraudulent joinder arguments stated herein.

[1] In accordance with LCvR 81.2, copies of all documents filed and the docket sheet for the State Lawsuit are attached as Exhibits hereto.

## GROUNDS FOR REMOVAL

7. By initiating the State Lawsuit against the Defendants, Plaintiffs have fraudulently joined Defendant Engineering for the sole purpose of defeating diversity of citizenship jurisdiction. As such, the State Lawsuit is properly removable under 28 U.S.C. § 1441(b).

8. Pursuant to 28 U.S.C. § 1332(a), Plaintiffs' claims exceed the amount in controversy, as Plaintiffs seek at least $75,000.00 in damages against both or either of the Defendants. *See* Petition, *Exh. 1*, at 6.

### Diversity Jurisdiction and Citizenship of the Parties

9. Plaintiff Chickasha Lodge is a non-profit organization domiciled and residing in the State of Oklahoma. Petition, *Exh. 1*, at ¶ 1.

10. Defendant Great Lakes is an insurance company licensed to do business in the State of Oklahoma, but is not a citizen of Oklahoma as it was neither formed under the laws of the state of Oklahoma nor is its principle place of business in Oklahoma. *Cf.* Petition, *Exh. 1*, at ¶ 2. It is the insurance policies between Great Lakes and Chickasha Lodge that give rise to the Plaintiff's causes of action in the State Lawsuit. *See id.*, at ¶¶ 5-12.

11. Defendant Engineering Inc. is a company incorporated under the laws of Oklahoma, with its principal place of business in Edmond, Oklahoma. Engineering is the engineering firm engaged by Great Lakes to inspect and examine the claim losses made by Plaintiff under Great Lakes' policies. Petition, *Exh. 1*, at ¶¶ 15-18, 24-27.

12. The citizenship of the parties is therefore established as follows: (1)

Plaintiff is a citizen of Oklahoma; (2) Defendant Great Lakes is not a citizen of Oklahoma; and, (3) Engineering is a citizen of Oklahoma.

13. However, as further explained in detail *infra*, Defendant Engineering is fraudulently joined to this action only for the purposes of destroying diversity jurisdiction in order to preclude removal to this Court. Thus, the Court should disregard Engineering's non-diverse citizenship for the purposes of determining jurisdiction over this matter, in accordance with 28 U.S.C. § 1332(a).

**<u>Fraudulent Joinder of Great Lakes' Agent</u>**

14. The Tenth Circuit has long-held that a defendant is fraudulently joined if "no cause of action exists" against that defendant. *Dodd v. Fawcett Publications, Inc*., 329 F.2d 82, 85 (10th Cir. 1964). To make this determination, this Court is empowered to "pierce the pleadings," and conduct "an intricate analysis of state law" to establish whether the allegations against the non-diverse defendant survive under state law. *Miller v. Jackson*, 2016 WL 1464558, at *2 (E.D. Okla., Apr. 4, 2016), *quoting Nerad v. AstraZeneca Pharm., Inc*., 203 Fed. Appx. 911, 913 (10th Cir. 2006) (unreported); *see also Dodd*, 329 P.2d at 85; *Brazell v. Waite*, 525 Fed. Appx. 878, 881 (10th Cir. 2013) (unreported). Although the burden is on the defendant challenging the joinder, "[a] defendant's 'right of removal cannot be defeated by a fraudulent joinder of a resident defendant having no real connection with the controversy.'" *Miller*, 2016 WL 1464558, at *1, *quoting Wilson v. Republic Iron & Steel Co*., 257 U.S. 92, 97 (1921).

15. Plaintiff's Petition primarily alleges that Engineering negligently performed

its duties in inspecting the lodge for claim damage while in the scope of Engineering's engagement with Great Lakes and that Engineering's reports following said inspection of the lodge "unfairly interfered" with the terms of Plaintiff's policies with Great Lakes and constitute a "civil conspiracy" between Engineering, Great Lakes, and unknown business entities. *See* Petition, *Exh. 1*, at ¶¶ 15-18, 24-27. Notably, Plaintiff fails to allege any relationship it has directly with Engineerin, other than through Great Lakes, that would create a direct duty from Engineering to Plaintiff. In addition to the arguments stated below, since Engineer has not plead to be in privity with Plaintiff and Plaintiff has not plead a special relationship with Engineering, Plaintiff's claims against Engineering are without merit in the insurance claims handling context. *See. Trinity Baptist Church v. Bhd. Mut. Ins. Servs., LLC*, 2014 OK 106, ¶ 18, 341 P.3d 75, 82.

16. Plaintiff admits in its Petition that Engineering is the agent of Great Lakes, engaged "by Great Lakes to perform an inspection of the lodge . . . pursuant to the first and second policy, respectively, and to opine with regard [as] to whether or not the damage observed by [Engineering] . . . was caused by the first and second hail storms . . . ." Petition, *Exh. 1*, at ¶ 24. Thus, as Great Lakes' agent regarding the investigation and inspection related to Plaintiff's claims, the actions of Engineering are imputed vicariously to Great Lakes as principal, under recognized theories of Oklahoma agency law. *See, e.g.*, *Thornton v. Ford Motor Co*., 2013 OK CIV APP 7, ¶ 26, 297 P.3d 413, 421, *quoting* Restat. (Third) of Agency, §§ 7.08, 7.03(2) (b) ("A principal is subject to *vicarious liability* for a tort committed by an agent in dealing or communicating with a third party on or purportedly *on behalf of the prin*cipal when actions taken by the agent

with *apparent authority* constitute the tort *or enable the agent to conceal its commission*.") (emphasis in original); *Choate v. Lawyers Title Ins. Corp*., 2016 OK CIV APP 60, ¶ 47, 385 P.3d 670, 682, *quoting Allison v. Gilmore, Gardner & Kirk, Inc*., 1960 OK 48, ¶ 28, 350 P.2d 287, 292 ("It is settled law in Oklahoma that 'to hold master or principal responsible for tort or negligence of his servant or agent, plaintiff must establish that act committed by servant or agent was within the scope of his authority as such servant or agent, and in the course of his employment.'"). As the agency relationship between Engineering and Great Lakes is not disputed, the Court's inquiry must therefore determine whether Plaintiff's claims against Engineering, on their own, can withstand scrutiny under Oklahoma law. Without such showing, the remaining conclusion must be that Engineering, as agent, has only been joined to this matter in order to defeat diversity and the jurisdiction of this Court. *Accord*, *Slover v. Equitable Variable Life Ins. Co*., 443 F. Supp. 2d 1272, 1278–79 (N.D. Okla. 2006) ("If the plaintiff clearly cannot maintain a state law claim against the non-diverse defendant, . . . such defendant shall be considered fraudulently joined."). Notably, all of three (3) of Plaintiff's causes of action (negligence, tortious interference, and civil conspiracy) against Engineering cannot survive independently under Oklahoma law.

17. With respect to Plaintiff's negligence claim, Plaintiff alleges that during the course of its inspection of Plaintiff's policy claims, Engineering "negligently failed to replace the tarps it had removed from the lodge," which caused subsequent and additional damage to Plaintiff's covered property. Petition, *Exh. 1*, at ¶ 16. In so claiming, Plaintiff further states that Engineering "was acting as Great Lakes' agent at the time that it

negligently failed to replace the tarps . . . and thus Great Lakes is responsible for the negligent actions of [Engineering] under [the theory of] respondeat superior." *Id.* at ¶ 17. Based on Plaintiff's own pleadings, any injuries arising from Engineering's alleged negligent acts would be assigned and imputed to Great Lakes under Oklahoma agency jurisprudence. *Price v. TLC Health Care, Inc.,* 2004 OK 8, ¶ 8, 85 P.3d 838, 841 ("Under th[e] doctrine [of *respondeat superior*], responsibility for an agent's injury to third parties is placed on the party that hires, directs, and controls the agent."). Accordingly, the Court should disregard Plaintiff's unnecessary[2] joinder of Engineering to its negligence claim.

18. Plaintiff's tortious interference claim against Engineering is similarly untenable under Oklahoma law. To prevail on a claim of tortious interference, the plaintiff must demonstrate that "(1) the interference was with an existing contractual or business right; (2) such interference was malicious and wrongful; (3) the interference was neither justified, privileged nor excusable; and (4) the interference proximately caused damage." *Berry & Berry Acquisitions, LLC v. BFN Properties LLC*, 2018 OK 27, at ¶ 34, n. 50, *quoting Wilspec Techs., Inc. v. DunAn Holding Grp., Co*., 2009 OK 12, ¶ 15, 204 P.3d 69, 74. Careful examination of Plaintiff's pleadings does not reveal a state law claim for tortious interference by Engineering.

---

[2] While Oklahoma does recognize that "a plaintiff may bring separate actions against a master and his servant, or a principal and his agent, to recover for the negligence of the servant or agent," that is only true in cases "where the master's or principal's ***only*** responsibility is ***derivative***." *Cox v. Kansas City Life Ins. Co*., 1997 OK 122, ¶ 19, 957 P.2d 1181, 1186, *quoting Sherwood v. Huber & Huber Mtr. Exp. Co*., 286 Ky. 775, 151 S.W.2d 1007; 135 A.L.R. 263, 271 (1941) (emphasis added). As the majority of Plaintiff's claims are directly made against Great Lakes and even include Great Lakes as a co-actor with Engineering, this rule is inapplicable to the present case. *Contrast id*., *with* Petition, Exh. 1.

19. Plaintiff ostensibly complains that by providing the inspection reports to Great Lakes, Engineering caused or contributed to Great Lakes' determination to deny Plaintiff's claims under the policies, *not* that that Engineering "maliciously interfere[d] with a contract between two parties, and induce[d] one of them to break that contract." *Navistar Int'l Transp. Corp. v. Vernon Klein Truck & Equip*., 1994 OK CIV APP 168, 919 P.2d 443, 446, *quoting Schonwald v. Ragains*, 1912 OK 210, 122 P. 203, 203 (syllabus by court); *contra* Petition, *Exh. 1*, at ¶¶ 5-12, 21, 24-27. In fact, Plaintiff acknowledges that both policies at issue in this case expired of their own terms and were not prematurely cancelled by Great Lakes Petition. *Exh. 1*, at ¶ 5-6 (stating that the first policy "expired on October 9, 2016[,]" which was "renewed one time for an additional year [as the second policy] . . . which expired on October 9, 2017."). Moreover, as Defendants do not dispute the agency relationship between Engineering and Great Lakes with respect to Plaintiff's policy claims, Engineering's actions are therefore attributed to Great Lakes, who was a party to the insurance contracts with Plaintiff. *Wilspec Techs., Inc. v. DunAn Holding Grp., Co., Ltd*., 2009 OK 12, ¶ 15, 204 P.3d 69, 74 ("[T]he [tortious interference] claim is viable ***only if*** the interferor is not a party to the contract or business relationship."). Under the agency tenets cited *supra*, Engineering, as Great Lakes' agent, cannot be held to have tortiously interfered with the insurance contracts between Plaintiff and Great Lakes. *Accord*, *Voiles v. Santa Fe Minerals, Inc*., 1996 OK 13, 911 P.2d 1205, 1210, *quoting Ray v. Am. Nat. Bank & Tr. Co. of Sapulpa*, 1994 OK 100, 894 P.2d 1056, 1060 (observing that a contracting party's agent cannot tortiously interfere with a contract "concerning [the matter in] *which it was acting in a*

*representative capacity* for [the contracting] party.") (emphasis in original).

20. Likewise, Plaintiff's claim against Engineering (with Great Lakes) for civil conspiracy also fails as an independent cause of action under state law. In its Petition, Plaintiff alleges that Engineering, Great Lakes, and other unknown business entities conspired to "wrongfully deny Plaintiff's claim, after agreeing to do the same and overtly accomplishing [the conspiracy's objective] through inaccurate submissions of multiple [Engineering] reports to Plaintiff . . . These [Engineering reports] were then used by Great Lakes to justify its wrongful denials of Plaintiff's first and second claims . . . ." Petition, *Exh. 1*, at ¶¶ 26-27. However, these allegations do *not* demonstrate that Defendants "pursue[d] an independently unlawful purpose or use an independently unlawful means[,]" as required to establish a claim for civil conspiracy. *Brock v. Thompson*, 1997 OK 127, ¶ 39, 948 P.2d 279, 294. While Plaintiff disputes Great Lakes' decision to deny the policy claims, there is no indication that said decision was inherently or independently unlawful under Oklahoma law. *Id.* ("There can be no civil conspiracy where *the act* complained of and *the means employed* are lawful.") (emphasis in original); *cf. Hitch Enterprises, Inc. v. Cimarex Energy Co.*, 859 F. Supp. 2d 1249, 1268 (W.D. Okla. 2012), *quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007) (finding civil conspiracy claim insufficiently pled as merely a "naked assertion of conspiracy" and dismissing claim); *see also Roberson v. PaineWebber, Inc.*, 2000 OK CIV APP 17, ¶ 21, 998 P.2d 193, 201 ("A conspiracy between two or more persons to injure another is not enough; an underlying unlawful act is necessary to prevail on a civil conspiracy claim.").

21. Because Plaintiff cannot maintain its causes of action against Engineering, the Court should properly disregard Engineering's non-diverse citizenship and allow this matter to be jurisdictionally removed to this Court, pursuant to 28 U.S.C. § 1446(a).

**ADOPTION AND RESERVATION OF DEFENSES**

22. As Defendants have not yet filed their respective Answers to Plaintiff's Petition in the State Lawsuit, nothing in this Notice of Removal shall be interpreted as a waiver or relinquishment of either of the Defendants' right to assert any defense or affirmative matter, including, but not limited to, the Defendants' individual rights to raise defenses under 12 O.S. 2011, § 2012(b) and/or Fed. R. Civ. P. 12(b), or any other pertinent defense available under Oklahoma law, the Federal Rules, or by federal statute.

**COMPLIANCE WITH 28 U.S.C. § 1446**

23. Defendants hereby certify that both Defendants consent to removal to this Court; however, because Engineering has been fraudulently joined, its consent is not required for removal.

24. Defendants further certify that pursuant to 28 U.S.C. § 1446(d), written notice has been provided to all adverse parties of the filing of this Notice of Removal, and Defendants have further provided a copy of this Notice of Removal with the Clerk of the District Court of Grady County, Oklahoma, as required by Oklahoma law.

WHEREFORE, all premises herein considered, Defendants respectfully request this Court assume jurisdiction over this action and the parties pursuant to 28 U.S.C. §§

1332, 1441, and 1446, and remove the State Lawsuit to the United States District Court for the Western District of Oklahoma.

Respectfully submitted,

**DOERNER, SAUNDERS, DANIEL & ANDERSON, L.L.P.**

By: *s/Michael S. Linscott*

Michael S. Linscott, OBA No. 17266
Two West Second Street, Suite 700
Tulsa, OK 74103-3117
Telephone 918.591.5288
Facsimile 918.925.5288
Email: mlinscott@dsda.com
-and-
Sara E. Potts, OBA No. 32104
105 N. Hudson, Suite 1000
Oklahoma City, OK 73102
Telephone 405.319.3500
Facsimile 405.319.3537
Email: spotts@dsda.com
*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that, on June 14, 2018, a true and correct copy of the foregoing document was served upon the following via the Court's electronic notification system, electronic mail, and/or U.S. Mail, postage prepaid:

J. Brian Brandes, OBA No. 21112
1214 E. 33rd Street
Tulsa, OK 74105
brian@brandesandyancy.com
Attorneys for Plaintiff

*s/Michael S. Linscott*