IN THE DISTRICT COURT IN AND FOR GRADY COUNTY
STATE OF OKLAHOMA

| | |
|---|---|
| CHICKASHA LODGE #94 AF & AM a/k/a ANCIENT FREE AND ACCEPTED MASONS OF OKLAHOMA <br><br> Plaintiff, <br><br> vs. <br><br> (1) GREAT LAKES REINSURANCE (UK) PLC; <br> (2) ENGINEERING INC.; AND <br> (3) UNKNOWN BUSINESS ENTITIES <br><br> Defendants | Case No. CJ-2018--125 <br><br> ATTORNEY'S LIEN CLAIMED <br> JURY TRIAL DEMANDED <br> **FILED IN DISTRICT COURT** <br> Grady County, Oklahoma <br><br> APR 2 6 2018 <br><br> LISA HANNAH, Court Clerk <br> By C Clemow Deputy |

### PETITION

COMES NOW PLAINTIFF Chickasha Lodge #94 AF & AM a/k/a Ancient Free and Accepted Masons of Oklahoma ("Plaintiff") and hereby files the following Petition against Great Lakes Reinsurance (UK) PLC ("Great Lakes") and Engineering Inc. ("EI") and state as follows.

1.  Plaintiff is a non-profit organization domiciled in Oklahoma with its principal location in Chickasha, Grady County, Oklahoma.

2.  Great Lakes is a foreign insurance company with its principal place of business in London, England.

3.  EI is an Oklahoma-based company in the business of assisting insurance companies with their investigation of claims throughout Oklahoma.

4.  Jurisdiction and venue are appropriate in this matter as all acts complained of occurred in Grady County, Oklahoma.

### FIRST AND SECOND CAUSE OF ACTION – BREACHES OF CONTRACT OF GREAT LAKES

5.  On or about October 9, 2015, Plaintiff procured an insurance policy issued by Great

EXHIBIT "1"

Lakes with a policy number of GLP007607 ("the first policy") which was issued to Plaintiff and that expired on October 9, 2016.

6. The policy was renewed one time for an additional year by Great Lakes with a policy number of GLP008002 ("the second policy"), which expired on October 9, 2017.

7. In April of 2016, Plaintiff's building insured by the first policy ("the lodge") was damaged in a hail storm—a covered loss under the policy—and sustained interior water damage as a result of the same ("first hail storm").

8. A claim was submitted to Great Lakes by Plaintiff for the water damage resulting from the first hail storm ("first claim"), which was denied in breach of the terms of the first policy, thus damaging Plaintiff.

9. In June of 2017, Plaintiff's building insured by the second policy was damaged in a hail storm—a covered loss under the policy—and sustained interior water damage as a result of the same ("second hail storm").

10. A claim was submitted to Great Lakes by Plaintiff for the water damage resulting from the second hail storm ("second clam"), which was denied in breach of the terms of the second policy, thus damaging Plaintiff.

11. At all times the first policy and the second policy were in effect, Plaintiff complied with all terms and provisions of the policy.

12. Great Lakes has breached the terms of the first and second policy by refusing to honor Plaintiff's claims from the first and second policy, resulting from the first and second hail storm, thus damaging Plaintiff.

### THIRD AND FOURTH CAUSES OF ACTION – FRAUD AND CONSTRUCTIVE FRAUD

The allegations contained above are hereby incorporated by reference as if fully set forth

herein.

13. Through letters sent by Great Lakes via their admitted agent, Oklahoma Claim Service, Inc., dated February 4, 2017, with regard to the first claim, and December 8, 2017, with regard to the second claim, Great Lakes took the position that "there was no evidence of wind or hail damage to the roof surfaces of the building."

14. The claim that "there was no evidence of wind or hail damage to the roof surfaces of the building" was false, made knowingly by Great Lakes, through its agent, with the intention that it be relied upon by Plaintiff, which Plaintiff did to its detriment, thus causing damages to Plaintiff.

### FIFTH AND SIXTH CAUSES OF ACTION – NEGLIGENCE OF ENGINEERING INC. AND GREAT LAKES RESULTING IN PROPERTY DAMAGE

The allegations contained above are hereby incorporated by reference as if fully set forth herein.

15. After the first hail storm, EI was retained by Great Lakes to perform an inspection on the lodge, which necessarily required removing tarps that had been placed by Plaintiff on the roof to stop the water damage to the lodge.

16. EI, after completing the inspection, negligently failed to replace the tarps it had removed from the lodge, which allowed additional water to enter the building, and caused property damage to Plaintiff.

17. EI was acting as Great Lakes' agent at the time that it negligently failed to replace the tarps it had removed from the lodge, thus Great Lakes is responsible for the negligent actions of EI under respondeat superior.

18. Plaintiff's property has been damaged as a result of the negligence of EI and Great Lakes with regard to their negligent failure to replace the tarps they removed during the inspection of

the roof of the lodge, which Plaintiff did not discover until the late Spring of 2016.

**SEVENTH CAUSE OF ACTION – BREACH OF FIDUCIARY DUTY OF GREAT LAKES**

The allegations contained above are hereby incorporated by reference as if fully set forth herein.

19. The underlying relationship between Plaintiff and Great Lakes was such that Plaintiff put its trust and confidence in the integrity and loyalty of Great Lakes, which Great Lakes knowingly accepted and undertook to act on behalf of Plaintiff, i.e. a fiduciary relationship existed.

20. Through its actions set forth above, as well as additional actions that are likely to come to light as discovery progresses in this matter, Great Lakes breached its fiduciary duty to Plaintiff, thereby causing Plaintiff damages.

**EIGTH CAUSE OF ACTION – MALICIOUS WRONG OF GREAT LAKES**

The allegations contained above are hereby incorporated by reference as if fully set forth herein.

21. Great Lakes' handling of the first and second claim and its retention and incorporation of the inaccurate findings of EI were intentional and calculated in the ordinary course of events to damage, and which did, in fact, damage Plaintiff's property, thus constituting a malicious wrong, under *Mangum Electric Co. v. Border*, 1923 OK 547 and *Fulton v. People Lease Corp.*, 2010 OK CIV APP 84.

**NINTH CAUSE OF ACTION – BAD FAITH OF GREAT LAKES**

The allegations contained above are hereby incorporated by reference as if fully set forth herein.

22. The above allegations are evidence of Great Lakes putting its own financial interests above those of Plaintiff, acting unreasonably under the circumstances, and failing to deal fairly and

act in good faith towards Plaintiff.

23. Because Great Lakes chose to put its own financial interests above those of Plaintiff, Plaintiff has suffered damages.

**TENTH CAUSE OF ACTION – TORTIOUS INTERFERENCE WITH CONTRACT**

The allegations contained above are hereby incorporated by reference as if fully set forth herein.

24. EI was contracted by Great Lakes to perform an inspection of the lodge which was damaged by hail during the first hail storm and second hail storm pursuant to the first and second policy, respectively, and to opine with regard to whether or not the damage observed by EI on the roof of the lodge was caused by the first and second hail storms, i.e. if there was an obligation to pay the claims under first or second policy.

25. EI, through its actions described above, as well as through its actions that are likely to come to light as discovery progresses, intentionally, improperly, and unfairly interfered with the terms of the first and second policy, thereby causing Plaintiff damages.

**ELEVENTH CAUSE OF ACTION – CIVIL CONSPIRACY**

The allegations contained above are hereby incorporated by reference as if fully set forth herein.

26. EI and Great Lakes, along with possible unknown business entities, through their actions described above, entered into a civil conspiracy with an objective to wrongfully deny Plaintiff's claim, after agreeing to do the same and overtly accomplishing it through the inaccurate submissions of multiple EI reports to Plaintiff regarding the first and second claims ("EI reports").

27. These EI report were then used by Great Lakes to justify its wrongful denials of Plaintiff's first and second claims, thus causing damages to Plaintiff.

## PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiff hereby prays for an award of attorneys' fees in addition judgment in its favor and against the Defendants as follows:

a.  Actual and punitive damages in excess of $75,000.00 against Great Lakes for breach of contract, bad faith, breach of fiduciary duty, negligence, constructive fraud, malicious wrong, civil conspiracy and fraud as set forth above; and

b.  Actual and punitive damages in excess of $75,000.00 against EI for negligence, tortious interference with contract, fraud, constructive fraud and civil conspiracy as set forth above.

Respectfully submitted,

**BRANDES & YANCY, P.L.L.C.**

BY: _____
J. BRIAN BRANDES, OBA #21112
1214 E. 33rd St.
Tulsa, OK, 74105
918-924-5520 (phone)
918-796-5717 (fax)
brian@brandesandyancy.com
**ATTORNEYS FOR PLAINTIFF**

## VERIFICATION

STATE OF OKLAHOMA    )
COUNTY OF GRADY      )

George Jervis, of lawful age and being first duly sworn states that he has read the foregoing Petition, that he is familiar with the contents therein and that the allegations set forth therein are true and correct.

_____
George Jervis

Subscribed and sworn before me this 26th day of April, 2018.