UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| CHICKASHA LODGE #94 AF & AM<br>a/k/a ANCIENT FREE AND<br>ACCEPTED MASONS OF<br>OKLAHOMA,<br><br>    Plaintiff,<br><br>v.<br><br>GREAT LAKES REINSURANCE<br>(UK) PLC; ENGINEERING INC.; AND<br>UNKNOWN BUSINESS ENTITIES<br><br>    Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. CIV-18-577-G |

## ORDER

Now before the Court is Plaintiff's Motion to Remand (Doc. No. 6). Defendants have responded in opposition to the Motion (Doc. No. 10), and Plaintiff has replied (Doc. No. 11). Based on the case record, the parties' arguments, and the governing law, Plaintiff's Motion will be granted.

*I. Background*

Plaintiff filed this action in the District Court of Grady County, Oklahoma, to recover for injuries stemming from the investigation and ultimate denial of two property insurance claims. *See* Pet. (Doc. No. 1-1). Defendant Great Lakes Reinsurance (UK) PLC ("Great Lakes") is the insurer that issued the operative insurance policies. *Id.* ¶ 5. Defendant Engineering Inc. ("EI") is a firm that was "retained by Great Lakes to perform an inspection" of the damaged property as part of the claims-evaluation process. *Id.* ¶ 15.

On June 14, 2018, Defendants removed the action to federal court on the basis of diversity jurisdiction, contending that Defendant EI, the only non-diverse party, had been fraudulently joined. *See* Notice of Removal (Doc. No. 1) ¶¶ 9-12. Plaintiff timely moved to remand. *See* Pl.'s Mot. (Doc. No. 6).

II. *Diversity Jurisdiction Under 28 U.S.C. § 1332(a)*

Jurisdiction under 28 U.S.C. § 1332(a) requires complete diversity among the parties—*i.e.,* the citizenship of all defendants must be different from the citizenship of all plaintiffs. *McPhail v. Deere & Co.*, 529 F.3d 947, 951 (10th Cir. 2008). The party or parties invoking diversity jurisdiction—here, Defendants—have the "burden of proving [diversity jurisdiction] by a preponderance of the evidence." *Middleton v. Stephenson*, 749 F.3d 1197, 1200 (10th Cir. 2014).

In this case, the citizenship of the named parties is undisputed. Plaintiff is a citizen of Oklahoma, Defendant Great Lakes is a non-citizen of Oklahoma, and Defendant EI is a citizen of Oklahoma. *See* Pet. ¶¶1-3; Notice of Removal ¶¶ 9-12. The only dispute, for purposes of Plaintiff's Motion, is whether Defendant EI has been fraudulently joined.

The doctrine of fraudulent joinder permits a federal court to disregard the citizenship of a non-diverse defendant against whom the plaintiff has not or cannot assert a colorable claim for relief. *Roe v. Gen. Am. Life Ins. Co.*, 712 F.2d 450, 452 (10th Cir. 1983). "To establish fraudulent joinder, the removing party must demonstrate either: 1) actual fraud in the pleading of jurisdictional facts, or 2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Hernandez v. Liberty Ins. Corp.*, 73 F. Supp. 3d 1332, 1336 (W.D. Okla. 2014) (internal quotation marks omitted) (quoting

*Dutcher v. Matheson*, 733 F.3d 980, 988 (10th Cir. 2013)). Where, as here, removal is based on the second prong, the removing party must demonstrate "[t]he non-liability of the defendants alleged to be fraudulently joined . . . with 'complete certainty.'" *Id.* (citation omitted).

III. *Discussion*

Plaintiff asserts three claims against EI: (1) negligence; (2) tortious interference with contract; and (3) civil conspiracy. *See* Pet. ¶¶ 15-18, 24-25, 26-27. Each of these claims fails, according to Defendants, because "the alleged actions by EI as pled in Plaintiff's Petition were performed in the scope of EI's engagement as agent of Great Lakes." Def.'s Resp. (Doc. No. 10) at 3. The agency relationship, Defendants submit, operates to shift EI's alleged misconduct to Great Lakes, leaving no viable cause of action against EI. *Id.* at 3-5. To support this argument, Defendants cite a line of cases holding that an insurer owes its insured a non-delegable duty of good faith and fair dealing. *See id.* at 5 (citing *Wathor v. Mut. Assurance Adm'rs, Inc.*, 2004 OK 2, ¶ 8, 87 P.3d 559, 562, *as corrected* (Jan. 22, 2004); *Timmons v. Royal Globe Ins. Co.*, 1982 OK 97, 653 P.2d 907, 912–13; *Cosper v. Farmers Ins. Co.*, 2013 OK CIV APP 78, ¶¶ 12-14, 309 P.3d 147, 150; *Wise v. CSAA Gen. Ins. Co.*, No. 16-CV-0100-CVE-PJC, 2016 WL 1732746, at *2 (N.D. Okla. Apr. 29, 2016); *United Adjustment Servs., Inc. v. Prof'l Insurors Agency, LLC*, 2013 OK CIV APP 67, ¶ 21, 307 P.3d 400, 405; *Trinity Baptist Church v. Bhd. Mut. Ins. Servs.*, LLC, 2014 OK 106, ¶¶ 18-19, 341 P.3d 75, 82).

The cases cited by Defendants stand for the proposition that an insurer's agent cannot be liable in tort for breaching the insurer's duty of good faith and fair dealing. But

3

Plaintiff does not assert a bad-faith claim against EI and, contrary to Defendants' suggestion, the cases cited do not preclude an agent's liability with respect to tort claims generally.[1] *See id.* Defendants have not satisfied their burden of establishing the non-liability of EI "with 'complete certainty.'" *Hernandez*, 73 F. Supp. 3d at 1336 (citation omitted). Therefore, the Court may not disregard the citizenship of EI in assessing whether the Court has diversity jurisdiction under 28 U.S.C. § 1332(a).

## CONCLUSION

For the reasons set forth above, the Court:

(1) concludes that there is not complete diversity of parties as required to establish jurisdiction under 28 U.S.C. § 1332(a) and, therefore, GRANTS Plaintiff's Motion to Remand (Doc. No. 6);

(2) nevertheless finds that Defendants had an "objectively reasonable basis for seeking removal," *see Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005), and, therefore, DENIES Plaintiff's request for attorney's fees and costs under 28 U.S.C. § 1447(c);

(3) REMANDS this matter to the District Court for Grady County, Oklahoma; and

---

[1] Indeed, Plaintiff has identified several cases establishing the propriety of its claims against EI for negligence and tortious interference notwithstanding its simultaneous assertion of such claims against Great Lakes under the doctrine of *respondeat superior*. *See* Pl.'s Mot. at 6 (citing *Sisk v. J.B. Hunt Transp., Inc.*, 2003 OK 69, 81 P.3d 55*; Jordan v. Cates*, 1997 OK 9, 935 P.2d 289; *Annese v. U.S. Xpress, Inc.*, No. CIV-17-655-C, 2017 U.S. Dist. LEXIS 212545 (W.D. Okla. Dec. 28, 2017)); *id.* at 7 (citing *Martin v. Johnson*, 1998 OK 127, ¶ 32, 975 P.2d 889, 896; *Mason v. Okla. Tpk. Auth.*, 115 F.3d 1442 (10th Cir. 1997); *Fulton v. People Lease Corp.*, 2010 OK CIV APP 84, ¶ 38, 241 P.3d 255, 265).

4

(4) DIRECTS the Clerk of this Court to send a certified copy of this Order to the Clerk of the state court to which this matter is remanded.

IT IS SO ORDERED this 14th day of January, 2019.

_____
CHARLES B. GOODWIN
United States District Judge